**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **FRACTAL ANALYTICS, INC.,**<br>Plaintiff,<br>v.<br>**FRACTAL SOFTWARE, LLC.,**<br>Defendant. | **Civil Action No.: ______________** |

## COMPLAINT

Plaintiff Fractal Analytics, Inc. ("Fractal Analytics"), by counsel, alleges as follows for its Complaint against Defendant Fractal Software, LLC ("Fractal Software").

## NATURE OF THE SUIT

1. This is an action against Fractal Software for trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d).

## PARTIES

2. Fractal Analytics is a corporation organized and existing under the laws of New York with a principal business address of One World Trade Center, Suite 76J, New York, New York 10007.

3. Fractal Analytics was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

4. Fractal Software is a limited liability company organized and existing under the laws of Delaware with a principal place business address of 33 Second Avenue, Apt 10, New York, New York 10003.

## JURISDICTION AND VENUE

5. This civil action arises out of Fractal Software 's violation of the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and the ACPA, 15 U.S.C. § 1125(d).

6. This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

7. This Court has personal jurisdiction over Fractal Software because it is a Delaware limited liability company and has sufficient minimum contacts with Delaware through its business activities that it can expect to be haled to court here and the exercise of personal jurisdiction is consistent with due process.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c), because Fractal Software is subject to personal jurisdiction in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## FRACTAL ANALYTICS' RIGHTS

9. Fractal Analytics was founded in 2000 to provide software and strategic analytic services to companies around the world, offering, inter alia, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions.

10. Since its founding, Fractal Analytics has used the FRACTAL and FRACTAL ANALYTICS marks around the world, including in the United States, in association with a wide range of software development, data analytics, and related goods and services (collectively, the "FRACTAL Marks").

11. Fractal Analytics has been recognized as a leader among software and data analytics service providers and has received numerous awards and recognition for its goods and services. This recognition includes achieving AWS Premier Tier Servis Partner status with the

Amazon Web Services Partner Network in 2025; being named a leader by independent analyst Forrester Research numerous times (most recently 2023); and winning the "Analytics Platform/Solution Provider of the Year" award by Frost & Sullivan, a leading independent research firm, in 2018.

12. The independent global research and advisory firm Gartner named Fractal Analytics to its Hype Cycle list for Digital Care Delivery Including Telemedicine and Virtual Care in 2017 and 2018 as well as to its Hype Cycle lists for U.S. Healthcare Payors, Supply Chain Strategy, and Business Process Services in 2018. Gartner also recognized Fractal as a representative vendor for customer analytics service providers in 2021.

13. Gartner also included Fractal Analytics' Cuddle.ai product in its 2017 Magic Quadrant for Business and Intelligence and Analytics Platforms report, identifying Cuddle.ai as one of the emerging and next-generation innovative modern business intelligence and analytics platforms vendors for the "Smart Data Discovery" category.

14. Fractal Analytics has received a wide range of additional awards and recognitions from around the world including, for example, the Best Artificial Intelligence Solution in the credit scoring category at the 2017 Artificial Intelligence Worldwide Software Vendor Selection Event; ranked by Inc. among the Fastest Growing Private Companies in Business Products and Services for five consecutive years; identified on the Great Place to Work® list for 2017; recognized as the "Leader" in Forrester Research's report "The Forrester Wave: Customer Analytics Service Providers, Q3 2017"; and the 2018 Analytics Platform/Solution Provider of the Year award by Frost & Sullivan.

15. Fractal Analytics advertises its goods and services through use of the FRACTAL Marks, *inter alia*, its website at fractal.ai, in various digital mediums including LinkedIn,

Facebook, Twitter, Glassdoor, GooglePlus, and Youtube, and through advertisements in print magazines such as the Economist.

16. Fractal Analytics uses the FRACTAL Marks at trade shows, conferences, and symposia throughout the world including *inter alia* at the Retail and Consumer Goods Analytics Summit and the NASSCOM C Summit.

17. Fractal Analytics' longstanding use of the FRACTAL Marks and the goodwill engendered by its high quality products and gratuitous publicity, consumers recognize the FRACTAL Marks as denoting Fractal Analytics' goods and services.

18. By creating, adopting, and extensively using the FRACTAL Marks with data analytics and related software and goods and services for over twenty-five years, Fractal is entitled to wide trademark protection for the FRACTAL Marks.

19. The FRACTAL Marks are entitled to common law trademark rights in the fields of software, data analysis, business consultancy, business intelligence, and artificial intelligence.

20. In addition to its common law trademark rights, Fractal owns a portfolio of trademark registrations for the FRACTAL-formative, both within the United States and abroad.

21. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934960, for "business data analysis through use of computer software" and "providing software-as-a-service (saas) for business data analysis." *See* Exhibit A.

22. The FRACTAL word mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7450981, for "Consultancy in the field of financial services; financial services, namely, financial data analysis through use of computer software and artificial intelligence." *See* Exhibit B.

23. The FRACTAL design mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605981, for “business data analysis through use of computer software” and “providing software-as-a-service (saas) for business data analysis.” *See* Exhibit C.

24. The FRACTAL ANALYTICS mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934961, for “business data analysis through use of computer software” and “providing software-as-a-service (saas) for business data analysis.” *See* Exhibit D.

25. The FRACTAL.AI mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 7746741, for “Business data analysis through use of computer software” and “Software-as-a-service (saas) for business data analysis.” *See* Exhibit E.

26. The FRACTAL INTELLIGENCE OF IMAGINATION mark is registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605982, for “business data analysis through use of computer software” and “providing software-as-a-service (saas) for business data analysis.” *See* Exhibit F.

27. Fractal Analytics also has registrations for its FRACTAL Marks throughout the world, including in the United Kingdom, India, China, and Canada.

28. Fractal Analytics’ federal registrations for the FRACTAL Marks are prima facie evidence of the validity of the marks, of Fractal Analytics’ ownership of the marks, and of Fractal Analytics’ exclusive right to use the marks in U.S. commerce. 15 U.S.C. § 1115(a).

29. Fractal’s Reg. Nos. 4934960, 4934961, 5605981, and 5605982 have achieved incontestable status, which renders them conclusive evidence of the validity of the marks, of

Fractal's ownership of the marks, and of Fractal's exclusive right to use the marks in U.S. commerce.

## FRACTAL SOFTWARE'S UNLAWFUL ACTIVITIES

30. Fractal Software was formed on July 31, 2020, long after Fractal Analytics commenced widespread use of the FRACTAL Marks in the United States.

31. On October 28, 2020, Fractal Software filed an application to register its purported "FRACTAL SOFTWARE" mark that was assigned Application Serial No. 90283818 by the U.S. Patent and Trademark Office.

32. Fractal Software filed Application Serial No. 90283818 on an intent-to-use basis, and no statements of use or amendments alleging use were filed.

33. Through Application Serial No. 90283818, Fractal Software sought to register the standard character mark FRACTAL SOFTWARE directed to the following goods and services: "IC036: Providing venture capital, development capital, private equity and investment funding; venture capital services, namely, providing financing to emerging and start-up companies; Financing and loan services." The term "SOFTWARE" was disclaimed.

34. On September 23, 2025, App. Ser. No. 90283818 was published in the Trademark Official Gazette.

35. On October 6, 2025, Fractal Analytics filed its Notice of Opposition on grounds of priority and likelihood of confusion.

36. In its Notice of Opposition, Fractal Analytics requested that Application Serial No. 90283818 be refused, that no registration be issued in connection with the opposed services of the application, and that this opposition be sustained in favor of Fractal Analytics.

37. As explained in the Notice of Opposition, there is no issue of priority. Fractal Analytics has priority by virtue of its longstanding and continuous use and registration of the FRACTAL Marks prior to the filing date and/or date of first use of Application Serial No. 90283818.

38. As explained in the Notice of Opposition, the FRACTAL SOFTWARE mark is similar in sight and sound to the FRACTAL Marks, in that Fractal Analytics' registered FRACTAL mark is incorporated in its entirety as the dominant and only distinctive element of the FRACTAL SOFTWARE mark.

39. As explained in the Notice of Opposition, the FRACTAL SOFTWARE mark's overall commercial impression is identical and/or highly similar to that of the FRACTAL Marks.

40. As explained in the Notice of Opposition, the FRACTAL SOFTWARE mark so resembles Fractal's FRACTAL Marks as to be likely to cause confusion, mistake, or deception in that it entirely incorporates Fractal Analytics' FRACTAL mark and is offered for registration in association with the services identified in the application, which are highly similar and/or related to services provided by Fractal Analytics under and through the FRACTAL Marks.

41. As explained in the Notice of Opposition, registration of the FRACTAL SOFTWARE mark by Fractal Software in association with the services identified in Application Serial No. 90283818 would result in irreparable damage to Fractal Analytics, as consumers are likely to believe, mistakenly, that Fractal Software's mark is affiliated with or approved by Fractal Analytics.

42. As explained in the Notice of Opposition, concurrent registration of the mark of Application Serial No. 90283818 in association with the identified services would result in irreparable damage to Fractal Analytics as consumers will be likely to consider the goods and

services offered under Fractal Software's mark as emanating from, affiliated with, or approved by Fractal Analytics.

43. Fractal Software's Answer to Fractal Analytics Notice of Opposition was due on April 4, 2026. No Answer was ever filed.

44. On April 13, 2026, Fractal Analytics filed a Motion for Default Judgment against Fractal Software for Failure to Answer the Notice of Opposition.

45. On June 9, 2026, the Trademark Trial and Appeal Board entered an Order granting Fractal Analytics' Motion for Default Judgment, entering judgment against Fractal Software, sustaining the Notice of Opposition, and refusing registration of the Fractal Software mark.

46. Despite the Trademark Trial and Appeal Board's Order, Fractal Software uses, has used, and will continue to use at least the following marks containing Fractal: Fractal and Fractal Software (collectively, the "Infringing Fractal Software Marks").

47. Fractal Software maintains a website at the domain www.fractalsoftware.com whereby it advertises its goods and services to the public.

48. According to its website www.fractalsoftware.com, Fractal Software refers to itself as both "Fractal" and "Fractal Software" and describes itself as: "The Leader in Launching Vertical AI and Industry-Specific Software."

49. The Fractal Software website, www.fractalsoftware.com, uses the terms "Fractal" and "Fractal Software" in the domain name and throughout its website.

50. Fractal Software maintains a LinkedIn page at www.linkedin.com/company/fractal-software/, whereby it advertises its goods and services to the public.

51. According to its LinkedIn page, www.linkedin.com/company/fractal-software/, Fractal Software refers to itself as both "Fractal" and "Fractal Software," states it was "Founded 2020," describes its "Industry" as "software development" and claims that "Fractal develops and finances the next generation of vertical SaaS start-ups."

52. The Fractal Software LinkedIn page, www.linkedin.com/company/fractal-software/, uses the terms "Fractal" and "Fractal Software" in the page name and throughout its page.

53. The Fractal Software Website www.fractalsoftware.com, and LinkedIn page www.linkedin.com/company/fractal-software/ state that Fractal Software offers its services throughout the United States and identifies United States based employees and customers.

54. There is no issue of priority. Fractal Analytics has priority by virtue of its longstanding and continuous use and registration of the FRACTAL Marks prior to the filing date and/or date of first use of the Infringing Fractal Software Marks.

55. Fractal Software created and adopted the Infringing Fractal Software Marks twenty years after Fractal Analytics' adoption and commencement of use of the Fractal Marks.

56. Fractal Software verbatim copied Fractal Software's Fractal mark.

57. The Infringing Fractal Software Marks are similar in sight and sound to the FRACTAL Marks, in that Fractal Analytics' registered FRACTAL mark is incorporated in its entirety as the dominant and only distinctive element of the Infringing Fractal Software Marks.

58. The Infringing Fractal Software Marks' overall commercial impression is identical and/or highly similar to that of the FRACTAL Marks.

59. The Infringing Fractal Software Marks so resemble Fractal's FRACTAL Marks as to be likely to cause confusion, mistake, or deception in that they entirely incorporate Fractal

Analytics' FRACTAL mark and are used in association with goods and services which are highly similar and/or related to goods and services provided by Fractal Analytics under and through the FRACTAL Marks.

60. Fractal Software's use of the Infringing Fractal Software Marks will result in irreparable damage to Fractal Analytics, as consumers are likely to believe, mistakenly, that the Infringing Fractal Software Marks are affiliated with or approved by Fractal Analytics.

61. Fractal Software's use of the Infringing Fractal Software Marks will result in irreparable damage to Fractal Analytics as consumers are likely to consider the goods and services offered under Fractal Software's Infringing Fractal Software Marks as emanating from, affiliated with, or approved by Fractal Analytics.

62. Fractal Software's unauthorized use of the Infringing Fractal Software Marks constitutes infringement of the FRACTAL Marks.

63. Screenshots of the main pages of the Fractal Software website www.fractalsoftware.com and LinkedIn page www.linkedin.com/company/fractal-software/ as they are displayed as of the date of this complaint are reproduced below reflecting Fractal Software's extensive infringement of the FRACTAL Marks:






**<u>COUNT ONE:</u>**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

64. Fractal Analytics repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

65. The U.S. Patent and Trademark Office issued to Fractal Analytics a registration for the FRACTAL word mark, Registration Nos. 4934960 and 7450981, the FRACTAL, Registration No. 4944078, the FRACTAL ANALYTICS mark, Registration No. 4934961, and the FRACTAL.AI word mark, Registration No. 7746741. Fractal Analytics is the sole and exclusive owner of the FRACTAL Marks.

66. Notwithstanding Fractal Analytics' statutory and common law rights in the FRACTAL Marks, with knowledge of the FRACTAL Marks, and with actual and constructive notice of Fractal Analytics' rights in the FRACTAL Marks, Fractal Software is using the Infringing Fractal Software Marks which are identical or confusingly similar to the FRACTAL Marks to promote and sell in interstate commerce goods and services which are highly similar and/or related to goods and services provided by Fractal Analytics under and through the FRACTAL Marks without Fractal Analytics authorization or consent.

67. Such copying and use by Fractal Software of the FRACTAL Marks is likely to cause confusion, deception, and mistake among the members of the public and the trade as to the source or affiliation of Fractal Software and Fractal Analytics.

68. Fractal Software's unauthorized and wrongful use of the Infringing Fractal Software Marks in connection with the advertising and sale of artificial intelligence services and/or software is likely to confuse and deceive members of the public and trade as to the origin, sponsorship, and affiliation of Fractal Software and services sold by Fractal Software, and to cause such persons to mistakenly believe that Fractal Software is associated with Fractal Analytics and to mistakenly believe that Fractal Software's sales of data analytics and artificial intelligence services and/or software using the Infringing Fractal Software Marks are authorized by Fractal Analytics.

69. Fractal Software's unauthorized use of the Infringing Fractal Software Marks in connection with the advertising and sale of data analytics and artificial intelligence services and/or software is likely to cause confusion, to cause mistake, and to deceive an appreciable number of reasonably prudent customers as to sponsorship, endorsement, association, or connection between Fractal Software and Fractal Analytics. Services sold or advertised by Fractal Software through

use of the Infringing Fractal Software Marks would reasonably be thought by consumers to be authorized by Fractal Analytics when, in fact, they are not.

70. Unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

71. The above acts by Fractal Software constitute trademark infringement of the registered FRACTAL Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

72. The foregoing actions of Fractal Software have been knowing, deliberate, willful and in utter disregard of Fractal Analytics' rights.

**COUNT TWO:**
**UNFAIR COMPETITION**
**(15 U.S.C. § 1125(a))**

73. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

74. Fractal Software's actions create, cause, and/or contribute to a false association between Fractal Software and goods and/or services provided by Fractal Analytics. Fractal Software thereby causes and contributes to consumer confusion as to the origin of, or affiliation between, Fractal Software and Fractal Analytics and its goods and/or services, and have traded unfairly upon Fractal Analytics' goodwill and reputation, and continue to do so.

75. Unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

76. The above acts by Fractal Software constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

77. The foregoing actions of Fractal Software have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

**<u>COUNT THREE:</u>**
**FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**

78. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

79. The copying and/or using by Fractal Software of the FRACTAL Marks is a false designation of origin that wrongly and falsely designates that goods and/or services marketed and sold by Fractal Software now, or in the future, originate from, are connected with, authorized by, or otherwise are associated with Fractal Analytics.

80. Unless said acts are enjoined by the Court, said acts will continue and Fractal Analytics will continue to suffer great and irreparable injury.

81. The above acts by Fractal Software constitute false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

82. The forgoing actions of Fractal Software have been knowing, deliberate, willful, and in utter disregard of Fractal Analytics' rights.

**<u>COUNT FOUR:</u>**
**CYBERSQUATTING**
**(15 U.S.C. § 1125(d))**

83. Fractal Analytics realleges and incorporates each and every allegation set forth above as if fully set forth and restated herein.

84. The Fractal Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration and/or re-registration of Fractal Software's domain name fractalsoftware.com (the "Fractal Software Domain Name").

85. Fractal Software has a bad faith intent to profit from Fractal Analytics' FRACTAL Marks.

86. On June 9, 2026, the Trademark Trial and Appeal Board entered an Order granting Fractal Analytics' Motion for Default Judgment, entering judgment against Fractal Software, sustaining the Notice of Opposition, and refusing registration of the Fractal Software mark.

87. Despite the Trademark Trial and Appeal Board's Order, Fractal Software has registered, trafficked in and/or used a domain name that is confusingly similar to Fractal Analytics' Fractal Marks, namely, the Fractal Software Domain Name.

88. Fractal Software has diverted, is diverting and/or planned to divert consumers away from Fractal Analytics and its website fractal.ai for commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of Fractal Software's website.

89. Fractal Software has no trademark ownership rights in Fractal Analytics' FRACTAL Marks or as set forth in the Fractal Software Domain Name.

90. Such registration, trafficking and/or use is actionable under the ACPA, 15 U.S.C. § 1125(d).

91. The aforesaid acts by Fractal Software constitute registration, re-registration, maintenance, trafficking in, and/or use of a domain name that is confusingly similar to the Fractal Marks, with bad faith intent to profit therefrom.

92. The aforesaid acts by Fractal Software constitute unlawful cyberpiracy in violation of the ACPA, 15 U.S.C. 1125(d)(1).

93. The aforesaid acts by Fractal Software have caused, and are causing, great and irreparable harm to Fractal Analytics and the public. The harm to Fractal Analytics includes harm to the value and goodwill associated with the Fractal Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue. Thus,

pursuant to 15 U.S.C. 1125(d)(2)(D)(i), Fractal Analytics is entitled to an order transferring the Fractal Software Doman Name to Fractal Analytics as well as other available relief.

**PRAYER FOR RELIEF**

WHEREFORE, Fractal Analytics respectfully requests of this Court:

1. That judgment be entered in favor of Fractal Analytics on its claims of trademark infringement, unfair competition, false designation of origin and cybersquatting.

2. That the Court enter a permanent injunction barring Fractal Software and its officers, agents, servants, employees, attorneys, and all persons or entities in active concert or participating with any of them from:

   i. committing or contributing to any further acts of trademark infringement, unfair competition, false designation of origin or cybersquatting;

   ii. using the Infringing Fractal Software Marks or any other term which is likely to be confused with Plaintiff's FRACTAL Marks;

   iii. committing any other acts calculated to cause consumers and the general public to believe that Fractal Software's goods and/or services are Fractal Analytics and from competing unfairly with Fractal Analytics in any manner; and

   iv. using the Infringing Fractal Software Marks or any other term which is likely to be confused with Fractal Analytics' FRACTAL Marks in any way in the conduct of its business, advertising, and in promoting its business.

3. That judgment be entered in favor of Fractal Analytics and against Fractal Software for all damages sustained by Fractal Analytics due to Fractal Software's trademark infringement, unfair competition, false designation of origin and cybersquatting;

4. That an accounting be ordered in favor of Fractal Analytics and against Fractal Software for all profits received due to Fractal Software's trademark infringement, unfair competition, false designation of origin and cybersquatting in violation of the Lanham Act and the ACPA;

5. That the Court order an award of costs and reasonable attorney's fees incurred by Fractal Analytics in connection with this action pursuant to 15 U.S.C. § 1117(a) and other applicable law;

6. That the award to Fractal Analytics for Fractal Software's trademark infringement, unfair competition, false designation of origin and cybersquatting in violation of the Lanham Act and the ACPA be trebled and/or increased in accordance with § 35 of the Lanham Act, 15 U.S.C. § 1117 and other applicable law;

7. That actual, compensatory, and punitive or exemplary damages, where available, be entered against Fractal Software for its wrongful actions;

8. That the Court enter an order transferring the Fractal Software Doman Name to Fractal Analytics pursuant to 15 U.S.C. 1125(d)(2)(D)(i) and other applicable law.

9. That Fractal Analytics be awarded pre-judgment interest and post-judgment interest on the above damages awards; and

10. That the Court order an award to Fractal Analytics of such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

11. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Fractal Analytics hereby demands a jury trial on issues triable by a jury.

Dated: September 10, 2026

Respectfully submitted,

STAMOULIS & WEINBLATT LLC

*/s/ Stamatios Stamoulis*
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
800 N. West Street Third Floor
Wilmington, DE 19801
(302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

Joshua F. P. Long (VSB No. 65684)
Josh.long@woodsrogers.com
WOODS ROGERS VANDEVENTER BLACK PLC
P.O. Box 14125, Wells Fargo Tower, Suite 1800
10 South Jefferson Street
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
*Pro hac vice forthcoming*

Neal Seth
Neal.seth@woodsrogers.com
WOODS ROGERS VANDEVENTER BLACK PLC
1765 Greensboro Station Place, Suite 900
Tysons, Virginia 22102
Telephone: (703) 718-5499
Facsimile: (540) 983-7711
*Pro hac vice forthcoming*

*Counsel for Plaintiff Fractal Analytics, Inc.*